IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

NATIONAL POSTAL MAIL HANDLERS UNION,
A Division of the Laborers' International Union of
North America, AFL-CIO
1101 Connecticut Avenue, N.W., Suite 500
Washington, D.C.  20036,

        Plaintiff,

    v.

UNITED STATES POSTAL SERVICE
475 L'Enfant Plaza, S.W.
Washington, D.C.  20260,

        Defendant,

    and

AMERICAN POSTAL WORKERS UNION,
AFL-CIO
1300 L Street, N.W.
Washington, D.C. 20005,

        Defendant.

Civil Action No._____

## COMPLAINT

1.      This is an action for breach of a collective bargaining agreement brought by the

National Postal Mail Handlers Union, a Division of the Laborers' International Union of North

America, AFL-CIO ("NPMHU"), under 39 U.S.C. § 1208(b), against the United States Postal

Service ("Postal Service").  The American Postal Workers Union, AFL-CIO ("APWU") is

named as a defendant because it is a required party under Fed. R. Civ. P. 19(a).  The collective

bargaining agreement at issue is a tripartite or three-party agreement governing work assignment

or jurisdictional determinations, which the Postal Service has breached by acting unilaterally

outside the processes established and followed under that agreement.  In this action, the

NPMHU seeks a declaration that the Postal Service has breached that agreement, as well as

injunctive and monetary relief, as appropriate, to remedy this breach.

## JURISDICTION AND VENUE

2.      This Court has jurisdiction over the parties under 39 U.S.C. §§ 409 and 1208(b),

and under 28 U.S.C. §§ 1331, 1337, 2201 and 2202.

3.      Venue is proper pursuant to 39 U.S.C. § 1208(b) and 28 U.S.C. § 1391(b).

## PARTIES

4.      Plaintiff NPMHU is an unincorporated labor organization with its offices

located at 1101 Connecticut Avenue, N.W., Suite 500, Washington, D.C. 20036.  The NPMHU

is party to a collective bargaining agreement with the Postal Service and represents, for purposes

of collective bargaining, approximately 45,000 employees of the Postal Service in the mail

handler craft nationwide.

5.      Defendant Postal Service is an independent establishment of the executive

branch of the United States Government, as provided by 39 U.S.C. § 201.  The Postal Service's

headquarters are located at 475 L'Enfant Plaza, S.W., Washington, D.C. 20260.

6.      Defendant APWU is an unincorporated labor organization with its offices

located at 1300 L Street, N.W., Washington, D.C. 20005.  The APWU is party to a collective

bargaining agreement with the Postal Service and represents, for purposes of collective

bargaining, approximately 200,000 employees of the Postal Service, including approximately

140,000 in the classifications comprising postal clerks nationwide.

**FACTUAL BACKGROUND**

7.      The NPMHU and the APWU are each party to a separate collective bargaining agreement with the Postal Service; these collective bargaining agreements are respectively known as the NPMHU-USPS 2011 National Agreement and the APWU-USPS 2010 National Agreement.

8.      The NPMHU, the APWU, and the Postal Service are parties to a tripartite or three-party agreement titled "Memorandum of Understanding Re Regional Instruction 399 – Dispute Resolution Procedures" ("RI-399 DRP") (attached to this Complaint as Exhibit 1 and incorporated herein).  The RI-399 DRP sets out procedures for the resolution of certain kinds of jurisdictional or work assignment disputes between and among the NPMHU, the APWU, and the Postal Service.  In addition, the RI-399 DRP establishes a tripartite National Dispute Resolution Committee, comprised of representatives of all three parties, that has established procedures for the Postal Service's assignment of jurisdiction with respect to new work and operational changes to either the mail handler craft represented by the NPMHU or the clerk craft represented by the APWU.

9.      Under the RI-399 DRP and the procedures established pursuant to that agreement, a jurisdictional craft assignment may only be changed in the event that a new or consolidated facility is opened, new work is introduced, or an operational change is implemented.

10.      In the event that one of the three contingencies identified in paragraph 9 occurs at the National level or on a nationwide basis, the parties, acting through their representatives on the National Dispute Resolution Committee, engage in a tripartite process under the RI-399 DRP to determine which craft will be assigned jurisdiction over the resulting work functions in hundreds of Postal Service facilities or installations across the United States.

11.     Before and during the first few months of 2015, the Postal Service notified the

NPMHU and the APWU that new equipment called the Small Parcel Sorting System (SPSS)

would be introduced into the Postal Service, first at five pilot sites (that is, in Phoenix, AZ; Los

Angeles, CA; North Houston, TX; Queens, NY; and Royal Palms, FL) and eventually at an

additional twenty-six mail processing facilities owned and operated by the Postal Service

throughout the United States.

12.     Beginning in March 2015, the parties engaged in their usual and customary

process for deciding on the craft that the Postal Service should assign to the job functions

operating the Small Parcel Sorting System, including site visits to observe the SPSS in operation

and the submission of position statements by both the NPMHU and the APWU.  These position

statements were submitted to the Postal Service on May 7, 2015, at which point the job functions

associated with the SPSS was ripe for the Postal Service's jurisdictional craft determination.

13.     On June 1, 2015, acting pursuant to the tripartite process under the RI-399 DRP,

the Postal Service issued its jurisdictional craft determination for operating the SPSS.  That

jurisdictional craft determination found that the "primary craft for all duties associated with the

operation of the SPSS is the Mail Handler Craft."  A copy of the June 1, 2015 jurisdictional craft

determination is attached to this Complaint as Exhibit 2 and incorporated herein.

14.     The determination issued by the Postal Service on June 1, 2015 was effective and

final and binding, unless either the NPMHU or the APWU or both timely challenged that

determination by filing a dispute under the RI-399 DRP or otherwise appealing the issue to

National arbitration.  Neither the NPMHU nor the APWU filed such a timely dispute; nor did

either the NPMHU or the APWU timely appeal the issue to National arbitration.  Accordingly,

the Postal Service's craft determination of June 1, 2015 became (and is now) final and

contractually binding on all parties, including the Postal Service.

      15.     Beginning on June 1, 2015 and continuing through August 7, 2015, the Postal

Service implemented its craft determination for the SPSS by posting and awarding bids to

employees in the mail handler craft for positions and assignments on the SPSS in those facilities

where the SPSS had been deployed.  Also in some facilities, various numbers of temporary,

non-career, and part-time employees in the NPMHU bargaining unit – known as Mail Handler

Assistants or MHAs – have been converted to full-time regular and permanent career positions

as mail handlers as a result of the June 1, 2015 craft determination.

      16.     On August 7, 2015, the Postal Service unilaterally reversed its June 1, 2015 craft

determination and issued a new determination (attached to this Complaint as Exhibit 3 and

incorporated herein, with amendment dated August 10, 2015) that certain of the duties

associated with the operation of the SPSS would be assigned to the clerk craft represented by

the APWU instead of the mail handler craft represented by the NPMHU.

## CAUSE OF ACTION
### (Under 39 U.S.C. § 1208(b), For Breach of Contract)

      17.     Paragraphs 1-16 are incorporated by reference herein.

      18.     By issuing its revised craft determination on August 7, 2015, the Postal Service

violated the final and contractually binding craft determination that was issued by the Postal

Service on June 1, 2015.

      19.     The Postal Service's issuance of its revised craft determination on August 7,

2015 breached the RI-399 DRP, which prohibits the Postal Service from unilaterally revising a

jurisdictional determination without the opening of a new or consolidated facility, the

introduction of new work, or the implementation of an operational change.

20.     As a result of the Postal Service contract violations, the NPMHU and the mail handlers it represents have suffered and will continue to suffer substantial injuries.  These include the loss of work opportunities for NMPHU-represented mail handlers because the Postal Service is erroneously assigning work on the SPSS to clerks, and the re-assignment and transfer of mail handlers from jobs or facilities to other jobs or other facilities in different locations because the Postal Service will have to re-assign mail handlers from their work connected to the SPSS.

21.     The NPMHU and the mail handlers represented by the NPMHU do not have an adequate remedy through any arbitration procedure, as it would be futile and/or there would be unreasonable delay of many years if the NPMHU were to challenge the Postal Service's contract violations through the dispute resolution mechanism available under the RI-399 DRP.

## PRAYER FOR RELIEF

WHEREFORE, plaintiff NPMHU asks this Court to issue an order and judgment:

(1)     Finding that the Postal Service is in breach of the RI-399 DRP;

(2)     Enjoining the Postal Service to comply with the RI-399 DRP by rescinding its August 7, 2015 attempt to reverse its prior and contractually binding jurisdictional determination of June 1, 2015, and returning all work associated with the operation of the SPSS to the mail handler craft;

(3)     Awarding monetary damages as appropriate to the NPMHU and the mail handlers it represents; and

(4)     Granting the NMPHU and the mail handlers it represents such other and further

relief as the Court deems just and proper, including but not limited to attorneys' fees and

costs.

                           Respectfully submitted,


                           _____/s/ Bruce R. Lerner_____
                           Bruce R. Lerner (D.C. Bar No. 384757)
                           Joshua B. Shiffrin (D.C. Bar No. 501008)
                           Zachary Ista (D.C. Bar No. 1019287)
                           BREDHOFF & KAISER, P.L.L.C.
                           805 15th Street, N.W.
                           Suite 1000
                           Washington, D.C.  20005
                           Telephone: (202) 842-2600
                           Facsimile: (202) 842-1888
                           blerner@bredhoff.com
                           jshiffrin@bredhoff.com
                           zista@bredhoff.com


Date:  August 13, 2015